UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** No. 21-80

**Caption [use short title]:** 10012 Holdings, Inc. v. Sentinel Insurance Co. and Hartford Fire Insurance Co.

**Motion for:** Motion of Amici Curiae The Restaurant Law Center, New York State Restaurant Association, and New York City Hospitality Alliance to Participate in Oral Argument

**Set forth below precise, complete statement of relief sought:**
Amici Curiae seek leave to participate in oral argument, and request an allotment of time of two minutes.

**MOVING PARTY:** The Restaurant Law Center, New York State Restaurant Association, and New York City Hospitality Alliance
[ ] Plaintiff  [ ] Defendant
[✓] Appellant/Petitioner  [ ] Appellee/Respondent

**OPPOSING PARTY:** Sentinel Insurance Company, Ltd

**MOVING ATTORNEY:** Gabriel K. Gillett
**OPPOSING ATTORNEY:** Jonathan M. Freiman
[name of attorney, with firm, address, phone number and e-mail]

Jenner & Block LLP
353 N. Clark Street, Chicago, IL 60654
(312) 840-7220; ggillett@jenner.com

Wiggin and Dana LLP
265 Church Street, P.O. Box 1832, New Haven, CT 06508-1832
(203) 498-4400; jfreiman@wiggin.com

**Court-Judge/Agency appealed from:** Southern District of New York, District Judge Lorna G. Schofield

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
[✓] Yes  [ ] No (explain): _____

Opposing counsel's position on motion:
[ ] Unopposed  [✓] Opposed  [ ] Don't Know

Does opposing counsel intend to file a response:
[✓] Yes  [ ] No  [ ] Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**
Has request for relief been made below? [ ] Yes [ ] No
Has this relief been previously sought in this Court? [ ] Yes [ ] No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested? [ ] Yes [✓] No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? [✓] Yes [ ] No  If yes, enter date: September 2, 2021

**Signature of Moving Attorney:**
/s/ Gabriel K. Gillett   Date: August 18, 2021   Service by: [✓] CM/ECF  [ ] Other [Attach proof of service]

Form T-1080 (rev. 12-13)

# No. 21-80

## United States Court of Appeals
FOR THE SECOND CIRCUIT

---

10012 HOLDINGS, INC., DBA GUY HEPNER,
*Plaintiff-Appellant*,

v.

SENTINEL INSURANCE COMPANY, LTD,
*Defendant-Appellee*.

- and -

HARTFORD FIRE INSURANCE COMPANY,
*Defendant*.

---

Appeal from the U.S. District Court for the Southern District of New York
Case No. 20-cv-4471 – Judge Lorna G. Schofield

---

**MOTION OF *AMICI CURIAE* THE RESTAURANT LAW CENTER,
NEW YORK STATE RESTAURANT ASSOCIATION, AND
NEW YORK CITY HOSPITALITY ALLIANCE
TO PARTICIPATE IN ORAL ARGUMENT**

---

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure and Local Rule 27.1, *amici curiae* the Restaurant Law Center, New York State Restaurant Association, and New York City Hospitality Alliance ("*Amici*") move for leave to participate in oral argument in support of Plaintiff-Appellant 10012 Holdings, Inc.

*Amici* respectfully request two minutes of argument during the hearing scheduled for September 2, 2021, or any other allotment the Court deems appropriate.

1. *Amicus* Restaurant Law Center is a public policy organization affiliated with the National Restaurant Association, the world's largest foodservice trade association. The industry is comprised of over one million establishments that represent a broad and diverse group of owners and operators—from large national outfits, to small family-run neighborhood locations, and everything in between. The industry employs over 15 million people and is the nation's second-largest private-sector employer. Through regular participation in amicus briefs, including cases like this one involving business interruption issues, the Restaurant Law Center provides courts with the industry's perspective on legal issues in cases that may have industry-wide implications.

2. *Amicus* New York State Restaurant Association is the leading business association for the restaurant and hospitality industry in New York State. It advocates for businesses and employees in the industry, which serves as the cornerstone of the state economy and offers opportunities for career advancement and community involvement.

3. *Amicus* the New York City Hospitality Alliance is a not for profit association representing and serving New York City's restaurant and nightlife industry. The Alliance is committed to advancing an agenda focused on opportunity,

economic investment and job creation, and on advocating on behalf of its members at all levels of government.

4. On April 9, 2021, *Amici* filed their brief in support of Plaintiff-Appellant 10012 Holdings, Inc. and reversal of the district court's opinion and order granting Defendant-Appellee Sentinel Insurance Company's motion to dismiss. Dkt. 65.

5. *Amici* may participate in oral argument "with the court's permission." Fed. R. App. P. 29(a)(8); *see also Kuhne v. Cohen & Slamowitz, LLP*, 579 F.3d 189 (2d Cir. 2009) (granting *amicus curiae* motion to participate in oral argument). For the reasons stated below, the Court should grant the request by *Amici*.

6. First, Plaintiff-Appellant 10012 Holdings, Inc. has agreed to cede two minutes of its time to *Amici*.

7. Second, *Amici* can provide this Court with practical, industrywide perspectives on the issues in this appeal that differ from the perspectives offered by the parties. Because *Amici* represent the restaurant and hospitality industry as a whole, including in New York and other states within the Second Circuit's jurisdiction, *Amici* offer information and experience that also goes well beyond what the parties can provide.

8. Moreover, given that Plaintiff-Appellant is an art gallery, *Amici* will also provide the Court with additional detail about how the allegations and

3

arguments being advanced here relate to allegations and arguments being advanced elsewhere, including how restaurant and hospitality companies have adequately alleged that they suffered physical "loss or damage" as a result of executive shutdown orders.

9. Third, based on briefs that *Amici* have filed in other cases involving business interruption claims arising under New York law,[1] and briefs the Restaurant Law Center has filed in cases across the country involving business interruption claims,[2] *Amici* can provide this Court with broader perspective on developments across the country and about how New York law applies here.

10. Counsel for Plaintiff-Appellant has represented that it consents to this motion. Counsel for Defendant-Appellee has represented that it opposes this motion and intends to file a response.

---

[1] *See Rye Ridge Corp. v. The Cincinnati Ins. Co.*, No. 21-1323 (2d Cir. 2021); *Kim-Chee LLC v. Phila. Indemnity Ins. Co.*, No. 21-1082 (2d Cir. 2021); *Visconti Bus Serv., LLC v. Utica Nat'l Ins. Grp.*, No. 2021-01716 (N.Y. App. Div. 2d Dep't 2021).

[2] *See, e.g.*, *SA Palm Beach, LLC v. Certain Underwriters at Lloyd's of London*, No. 20-14812 (11th Cir. 2021) (Florida law); *Henry's Louisiana Grill, Inc. v. Allied Ins. Co. of Am.*, No. 20-14156 (11th Cir. 2021) (Georgia law); *TJBC, Inc. v. Cincinnati Ins. Co.*, No. 21-1203 (7th Cir. 2021) (Illinois law); *Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.*, No. 21-50078 (5th Cir. 2021) (Texas law); *Mudpie, Inc. v. Travelers Casualty Insurance Company of America*, No. 20-16858 (9th Cir. 2021) (California law); *American Food Sys., Inc. v. Firemans Fund Ins. Co.*, No. 21-1307 (1st Cir. 2021) (Massachusetts law); *Santo's Italian Cafe LLC v. Acuity Ins. Co.*, No. 21-3068 (6th Cir. 2021); *Oral Surgeons P.C. v. Cincinnati Ins. Co.*, No. 20-3211 (8th Cir. 2020) (Iowa law).

4

5

| | |
|---|---|
| August 18, 2021 | Respectfully submitted, |
| | */s/ Gabriel K. Gillett* |
| Jeremy M. Creelan | John H. Mathias Jr. |
| Michael W. Ross | David M. Kroeger |
| Jenner & Block LLP | Gabriel K. Gillett |
| 919 Third Avenue | *Counsel of Record* |
| New York, NY 10022 | JENNER & BLOCK LLP |
| (212) 891-1678 | 353 N. Clark Street |
| jcreelan@jenner.com | Chicago, IL 60654 |
| | (312) 840-7220 |
| Angelo I. Amador | ggillett@jenner.com |
| RESTAURANT LAW CENTER | |
| 2055 L Street, NW, 7th Floor | |
| Washington, DC 20036 | |
| (202) 492-5037 | |
| aamador@restaurant.org | |

*Counsel for Amici Curiae*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 27(d)(2)(A), I certify that this motion complies with the length limitation because this motion contains 759 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f).

Dated: August 18, 2021

/s/*Gabriel K. Gillett*
Gabriel K. Gillett

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of August, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Second Circuit using the appellate CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

/s/*Gabriel K. Gillett*
Gabriel K. Gillett